Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | | |
|---|---|---|
| S.H. and J.H., | § § § | Civil Action No.: 2:22-cv-00552-BSJ |
| Plaintiffs, | § § | |
| -against- | § § | **ANSWER TO COMPLAINT** |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY, CIGNA BEHAVIORAL HEALTH, the LOCKHEED MARTIN CORPORATION and the LOCKHEED MARTIN CORPORATION MEDICAL BENEFITS PLAN, | § § § § § § | Senior Judge Bruce S. Jenkins |
| Defendants. | § § § | |

Defendants Cigna Health and Life Insurance Company ("CHLIC") and Cigna Behavioral Health[1] (collectively "Cigna"), and Lockheed Martin Corporation and Lockheed Martin Corporation Medical Benefits Plan (collectively "Lockheed") (Cigna and Lockheed are collectively referred to herein as "Defendants"), by and through their undersigned counsel, submit

---

[1] As of September 2021, the entity previously known as "Cigna Behavioral Health" became legally known as "Evernorth Behavioral Health, Inc."

their Answer to Plaintiffs' Complaint ("Complaint") by responding to the numbered paragraphs of the Complaint as follows:

1.      Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 1 of the Complaint and therefore deny the same.

2.      Defendants deny each and every allegation in paragraph 2 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except Cigna admits that CHLIC is an insurance company headquartered in Bloomfield Connecticut, and that CHLIC administered health benefit claims for the Lockheed Martin Corporation Medical Benefits Plan (the "Plan").

3.      Defendants deny each and every allegation in paragraph 3 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except Cigna admits that Cigna Behavioral Health (now Evernorth Behavioral Health) performed medical necessity review of claims for mental health and substance abuse treatment.

4.      Defendants deny each and every allegation in paragraph 4 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers the Court to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

5.      Defendants deny denies each and every allegation in paragraph 5 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, and respectfully refers the Court to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein.

6.      Defendants deny each and every allegation in paragraph 6 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court, except admit that the Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 *et seq.* ("ERISA"), that, at all relevant times, Plaintiff S.H. was a Plan participant and J.H. was a beneficiary of the Plan.

7.      Defendants deny each and every allegation in paragraph 7 of the Complaint as alleged, except admit upon information and belief that J.H. received care at Evoke at Entrada and Live Strong House. Defendants respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

8.      Defendants deny each and every allegation in paragraph 8 of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Cigna denied claims for certain care provided to J.H.

9.      Admitted.

10.     Defendants deny each and every allegation in paragraph 10 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

11.     Defendants lack knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 11 of the Complaint and therefore deny the same.

12.     Paragraph 11 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 12 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

## BACKGROUND FACTS

### J.H.'s Developmental History and Medical Background

13.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 13 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

14.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 14 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

15.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to

Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 15 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

16.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 16 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

17.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 17 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

18.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for

the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 18 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

19.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 19 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

20.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 20 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

21.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny

the allegations in paragraph 21 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

22.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 22 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations.

**Evoke**

23.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 23 of the Complaint based on lack of firsthand knowledge or information sufficient to form a belief as to the truth of such allegations, except admit upon information and belief that J.H. received care at Evoke.

24.     Defendants deny each and every allegation in paragraph 24 of the Complaint as alleged and respectfully refers to the administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to

the facts and circumstances recorded therein, except admits that Cigna denied claims for certain care provided to J.H.

25.     Defendants deny each and every allegation in paragraph 25 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a level one appeal to Cigna by letter dated August 14, 2020.

26.     Defendants deny each and every allegation in paragraph 26 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

27.     Defendants deny each and every allegation in paragraph 27 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

28.     Defendants deny each and every allegation in paragraph 28 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

29.     Defendants deny each and every allegation in paragraph 29 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and

maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

30.     Defendants deny each and every allegation in paragraph 30 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

31.     Defendants deny each and every allegation in paragraph 31 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

32.     Defendants deny each and every allegation in paragraph 32 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

33.     Defendants deny each and every allegation in paragraph 33 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

34.     Defendants deny each and every allegation in paragraph 34 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to

the facts and circumstances recorded therein, except admit that Cigna Behavioral Health issued a letter to J.H. dated September 15, 2020.

35.     Defendants deny each and every allegation in paragraph 35 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a "second level one member appeal" to Cigna by letter dated January 20, 2021.

36.     Defendants deny each and every allegation in paragraph 36 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

37.     Defendants deny each and every allegation in paragraph 37 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

38.     Defendants deny each and every allegation in paragraph 38 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

39.     Defendants deny each and every allegation in paragraph 39 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and

maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

40.    Defendants deny each and every allegation in paragraph 40 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

41.    Defendants deny each and every allegation in paragraph 41 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

42.    Defendants deny each and every allegation in paragraph 42 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

43.    Defendants deny each and every allegation in paragraph 43 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

44.    Defendants deny each and every allegation in paragraph 44 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

45.     Defendants deny each and every allegation in paragraph 45 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

46.     Defendants deny each and every allegation in paragraph 46 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

47.     Defendants deny each and every allegation in paragraph 47 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Cigna Behavioral Health issued a letter to J.H. dated February 10, 2021, and that paragraph 47 accurately transcribes a portion of that letter.

**LSH**

48.     Defendants' knowledge of J.H.'s medical and treatment history is limited to the records that Cigna had access to during the course of its review of Plaintiffs' benefits claims; Defendants respectfully refer the Court to the complete administrative record pertaining to Plaintiffs' claims kept and maintained by Cigna in the regular course and scope of its business for the information accessible to Cigna at the time of its benefits determinations and otherwise deny the allegations in paragraph 48 of the Complaint based on lack of firsthand knowledge or

information sufficient to form a belief as to the truth of such allegations, except admit upon information and belief that J.H. received care at LSH.

49.     Defendants deny each and every allegation in paragraph 49 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Cigna Behavioral Health issued a letter to J.H. dated February 8, 2021, and that paragraph 49 accurately transcribes a portion of that letter.

50.     Defendants deny each and every allegation in paragraph 50 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a level one member appeal to Cigna by letter dated August 3, 2021.

51.     Defendants deny each and every allegation in paragraph 51 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

52.     Defendants deny each and every allegation in paragraph 52 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

53.     Defendants deny each and every allegation in paragraph 53 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

54.     Defendants deny each and every allegation in paragraph 54 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

55.     Defendants deny each and every allegation in paragraph 55 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

56.     Defendants deny each and every allegation in paragraph 56 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

57.     Defendants deny each and every allegation in paragraph 57 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

58.     Defendants deny each and every allegation in paragraph 58 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and

maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

59.     Defendants deny each and every allegation in paragraph 59 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Evernorth Behavioral Health issued a letter to J.H. dated September 2, 2021, and that paragraph 59 accurately transcribes a portion of that letter.

60.     Defendants deny each and every allegation in paragraph 60 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a "level one rebuttal letter" to Cigna by letter dated October 26, 2021.

61.     Defendants deny each and every allegation in paragraph 61 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

62.     Defendants deny each and every allegation in paragraph 62 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

63.     Defendants deny each and every allegation in paragraph 63 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

64.     Defendants deny each and every allegation in paragraph 64 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

65.     Defendants deny each and every allegation in paragraph 65 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

66.     Defendants deny each and every allegation in paragraph 66 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

67.     Defendants deny each and every allegation in paragraph 67 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

68.     Defendants deny each and every allegation in paragraph 68 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and

maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Evernorth Behavioral Health issued a letter to S.H. dated March 3, 2022.

69.     Defendants deny each and every allegation in paragraph 69 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a letter dated May 11, 2022 addressed to Lockheed Martin and copied to CHLIC.

70.     Defendants deny each and every allegation in paragraph 70 of the Complaint.

71.     Defendants deny each and every allegation in paragraph 71 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

72.     Defendants deny each and every allegation in paragraph 72 of the Complaint as alleged and respectfully refers all questions of law to the Honorable Court.

73.     Defendants deny each and every allegation in paragraph 73 of the Complaint.

**AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION
(CLAIM FOR RECOVERY OF BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B))**

74.     Paragraph 74 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 74 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

75.     Defendants deny each and every allegation in paragraph 75 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

76.     Paragraph 76 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 76 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

77.     Defendants deny each and every allegation in paragraph 77 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

78.     Defendants deny each and every allegation in paragraph 78 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

79.     Defendants deny each and every allegation in paragraph 79 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

80.     Defendants deny each and every allegation in paragraph 80 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

81.     Paragraph 81 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 81 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

## AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION (CLAIM FOR VIOLATION OF MHPAEA UNDER  29 U.S.C. §1132(a)(3))

82.     Paragraph 82 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 82 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

83.     Paragraph 83 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 83 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

84.     Paragraph 84 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 84 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

85.     Paragraph 85 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 85 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

86.     Defendants deny each and every allegation in paragraph 86 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

87.     Defendants deny each and every allegation in paragraph 87 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

88.     Defendants deny each and every allegation in paragraph 88 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

89.     Defendants deny each and every allegation in paragraph 89 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

90.     Defendants deny each and every allegation in paragraph 90 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions,

limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

91.     Defendants deny each and every allegation in paragraph 91 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

92.     Defendants deny each and every allegation in paragraph 92 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

93.     Defendants deny each and every allegation in paragraph 93 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

94.     Defendants deny each and every allegation in paragraph 94 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

95.     Defendants deny each and every allegation in paragraph 95 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

96.     Defendants deny each and every allegation in paragraph 96 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

97.     Defendants deny each and every allegation in paragraph 97 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

98.     Defendants deny each and every allegation in paragraph 98 of the Complaint as alleged.

99.     Defendants deny each and every allegation in paragraph 99 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

100.    Paragraph 100 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 100 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

101.    Defendants deny each and every allegation in paragraph 101 of the Complaint as alleged and respectfully refer to the governing Plan documents for the terms, conditions, limitations and exclusions set forth therein, and respectfully refers all questions of law to the Honorable Court.

102.     Defendants deny each and every allegation in paragraph 102 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

103.     Paragraph 103 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 103 of the Complaint, including subparts (a)-(h) thereto as alleged and respectfully refer all questions of law to the Honorable Court.

**AS AND FOR A RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION**
**(REQUEST FOR STATUTORY PENALTIES UNDER 29 U.S.C. §1132(a)(1)(A) and(c)**

104.     Paragraph 104 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 104 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

105.     Defendants deny each and every allegation in paragraph 105 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

106.     Defendants deny each and every allegation in paragraph 106 of the Complaint as alleged and respectfully refer to the administrative record pertaining to Plaintiff's claims kept and maintained by Cigna in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admit that Plaintiffs submitted a letter dated May 11, 2022 addressed to Lockheed Martin and copied to CHLIC.

107.     Paragraph 100 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 107 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

108.    Paragraph 100 contains legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation in paragraph 108 of the Complaint as alleged and respectfully refer all questions of law to the Honorable Court.

## AFFIRMATIVE DEFENSES

Defendants hereby assert the following Affirmative Defenses, and do so without regard to which Party bears the burden of proof as to any such Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

This action and each allegation and purported causes of action asserted therein fail to state facts sufficient to constitute a cognizable claim for relief against any Defendant.

## SECOND AFFIRMATIVE DEFENSE

The claims for which Plaintiffs seek recovery are not payable under the terms of the Plan.

## THIRD AFFIRMATIVE DEFENSE

Cigna and Lockheed acted reasonably and in good faith at all times material herein based on relevant facts and circumstances known by it at the time it so acted and pursuant to the Plan. Accordingly, Plaintiffs are barred from recovery for their claims in this action.

## FOURTH AFFIRMATIVE DEFENSE

All actions about which Plaintiffs complain were either required or permitted by the applicable law.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to plead facts to support their claim for violation of the Mental Health Parity and Addiction Equity Act.

## SIXTH AFFIRMATIVE DEFENSE

CHLIC and/or Cigna Behavioral Health and/or Evernorth Behavioral Health, as third-party administrators for the Plan, have been granted complete authority to review all claims for benefits under the Plan and discretionary authority to determine whether and to what extent participants and beneficiaries are entitled to benefits and to construe the terms of the Plan, and are deemed to have properly exercised this authority unless it abused its discretion by acting arbitrarily and capriciously. CHLIC, Cigna Behavioral Health and Evernorth Behavioral Health's decision-making was not arbitrary or capricious and, therefore, the Court cannot disturb the determinations concerning Plaintiffs' claims for benefits under the Plan.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery, if any, is limited by the terms, conditions, limitations, exclusions, and other provisions of the Plan.

## EIGHTH AFFIRMATIVE DEFENSE

The claims and remedies sought by the Plaintiffs are limited solely to those provided under ERISA, and all remedies and claims made by the Plaintiffs not provided for under ERISA are preempted, including any claims that Defendants failed to comply with any state law when providing services for the Plan.

## NINTH AFFIRMATIVE DEFENSE

The Court's review of Plaintiffs' claims is limited to the correspondence, notes and documents contained in the administrative record kept and maintained by Cigna in the regular course of its business.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs failed to exhaust their administrative remedies under the Plan.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have not properly pled a claim for attorneys' fees and any such claim is unwarranted and premature.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege the circumstances relating to the claims asserted therein with sufficient particularity to enable Defendants to determine whether they may have additional defenses in this action.  Therefore, Defendants reserve the right to assert such additional defenses if they later become apparent.

WHEREFORE, Defendants pray:

1. That the action be dismissed, or that judgment be entered in favor of Defendants and against Plaintiffs;

2. That Defendants be awarded costs of suit incurred herein;

3. That Defendants be awarded reasonable attorneys' fees; and

4. That Defendants be awarded such other and further relief as the Court may deem just and proper.

DATED this 16th day of February.

/s/ Michael H. Bernstein
Michael H. Bernstein, #17941
ROBINSON & COLE LLP
666 3rd Avenue, 20th Floor
New York, New York 10022
Telephone: (212) 940-9900
mbernstein@rc.com
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of February, 2023, a true and correct copy of the

foregoing **ANSWER TO COMPLAINT** was served on all counsel of record via CM/ECF.


*/s/ Michael H. Bernstein*
Michael H. Bernstein