UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| S.H. and J.H.,<br><br>Plaintiffs,<br><br>v.<br><br>CIGNA HEALTH and LIFE INSURANCE COMPANY, CIGNA BEHAVIORAL HEALTH, the LOCKHEED MARTIN CORPORATION and the LOCKHEED MARTIN CORPORATION MEDICAL BENEFITS PLAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING STIPULATED MOTION FOR LIMITED AMENDMENT TO BRIEFING SCHEDULE**<br><br>Case No. 2:22-cv-00552-TC<br><br>Judge Tena Campbell |

Before the court is the parties' Stipulated Motion for Limited Amendment to Post-Remand Briefing Schedule. (ECF No. 91.) The parties seek to amend the briefing schedule established by the court in its September 1, 2026 Order. (Id.) That briefing schedule established that "renewed motions for summary judgment [were] due 9/15/26, oppositions due 10/13/26, and replies due 11/3/26." (ECF No. 84.) In addition to establishing the briefing schedule, in that Order the court stated: "The court will not grant further extensions." (Id.) (emphasis in original).

Nevertheless, late in the afternoon of October 12, 2026—which is both the day before the opposition brief deadline and a federal holiday[1]—the parties filed the motion currently before the court, seeking to extend today's opposition briefing deadline by an additional week.

"Under Rule 6(b)(1), a district court may extend a deadline for 'good cause.'" Utah Republican Party v. Herbert, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting Fed. R. Civ. P.

[1] The court was closed for Columbus Day on October 12, 2026. The days that the United States District Court for the District of Utah will be closed are listed on the Court's public website, here: https://www.utd.uscourts.gov/general-information

6(b)(1)). To grant the extension when the request is made "before the original deadline," the court "need … find good cause." Id. (first citing Rachel v. Troutt, 820 F.3d 390, 395 (10th Cir. 2016); and then citing Fed. R. Civ. P. 6(b)(1)(A)). As the Tenth Circuit has explained, "[g]ood cause comes into play in situations in which there is no fault…. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Id. at 700–01. The Tenth Circuit has also explained that "[a] lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings." Perez v. El Tequila, LLC, 847 F.3d 1247, 1253 (10th Cir. 2017) (citation omitted).

Here, inter alia, Plaintiffs' counsel aver that "[g]ood cause exists for this limited extension due to an illness affecting Plaintiffs' counsel." (ECF No. 91 at 2.) Consequently, this court finds that there is good cause for an extension based on illness and the other representations made in the parties' motion. But in granting the parties' request, this court notes that last-minute requests like those made by the parties in the motion at hand are disfavored. See, e.g., Advanced Recovery Sys., LLC v. Am. Agencies, LLC, No. 213CV00283, 2020 WL 13179726, at *3 (D. Utah Aug. 3, 2020) ("The court is not inclined to grant last-minute extensions of these deadlines."). As are vague claims that attorney illness is to blame for delay. See Lopez v. Cantex Health Care Centers II, LLC, No. 122CV00824, 2023 WL 2206791, at *3–4 (D.N.M. Feb. 24, 2023), aff'd, No. 23-2038, 2023 WL 7321637 (10th Cir. Nov. 7, 2023) (denying motion for extension of time and observing that excusable neglect was not established where party seeking extension of time "did not make a sufficient record establishing excusable neglect based on an alleged staff member's illness" where it "vaguely blame[d] a staff member's illness, but [did] not give the Court any specific facts" or "provide an affidavit identifying the staff member or explaining how the illness caused the [issue that caused the delay]"). And, finally, that "an

enlargement of the time period is by no means a matter of right." Herbert, 678 F. App'x at 700 (10th Cir. 2017) (quoting Eller v. Trans Union, LLC, 739 F.3d 467, 478 n.10 (10th Cir. 2013)). However, since the parties seek only a brief extension of the deadlines, and they submitted this request before the deadline had passed, the court grants their request.

Accordingly, the Court **ORDERS** that the parties' motion (ECF No. 91) is GRANTED, and that the post-remand briefing schedule is amended as follows:

1. Opposition briefs in response to the parties' renewed motions for summary judgment shall be due **October 20, 2026**.

2. Reply briefs in further support of the parties' renewed motions for summary judgment shall be due **November 10, 2026**.

3. All other provisions of the court's September 1, 2026 Order (ECF No. 84) remain in effect.

DATED this 13th day of October, 2026.

BY THE COURT:

Tena Campbell

Tena Campbell
United States District Judge